COLEMAN *v.* WHITEHEAD & KALES CO.

1. MASTER AND SERVANT—SUBSEQUENT EMPLOYMENT AT LIGHTER
   WORK—PARTIAL DISABILITY.
      Injured employee does not lose his right to compensation for
      partial, permanent disability incapacitating him from doing
      heavy work and he is unable to obtain lighter work which he is
      able and willing to do although for a period after the injury
      he received a higher wage than before it occurred.

2. SAME—IMPAIRMENT OF EARNING CAPACITY—MEASUREMENT.
      The proportionate impairment in earning capacity in the employ-
      ment in which the employee was working at the time of the
      injury admeasures the compensation and determination of
      diminution is made by comparing amount he is capable of
      earning at the time he seeks further compensation to his earn-
      ing capacity at time of injury (2 Comp. Laws 1929, § 8427,
      subd. [e]).

Appeal from Department of Labor and Industry.
Submitted June 8, 1934. (Docket No. 88, Calendar
No. 37,675.) Decided September 18, 1934.

Monroe Coleman presented his claim against
Whitehead & Kales Company for accidental injuries
sustained while in its employ. On petition for fur-
ther compensation. From award to plaintiff, de-
fendant appeals. Affirmed.

*Gloster, Giller & Briggs,* for plaintiff.

*Frederick J. Ward,* for defendant.

BUTZEL, J. On the 28th day of September, 1927,
plaintiff, Monroe Coleman, suffered a compensable
injury while employed by Whitehead & Kales Co.,
defendant, at $27 per week. As a result he has
ankylosis of the ring finger of the right hand. The

accident was duly reported and on October 13, 1927, plaintiff and defendant entered into an agreement for compensation by which plaintiff was to receive $10 per week. On January 6, 1928, plaintiff signed a settlement receipt showing that he received $252 up to that date. The settlement receipt was never approved by the department. Subsequently plaintiff secured other employment at a larger daily wage than he had received while working for defendant. He retained his new position for approximately four years and then was laid off with others. In January, 1933, he petitioned for further compensation. It was shown that he suffered a permanent disability. He testified that his work for defendant was that of a laborer doing heavy work; that after he left defendant, he was able to obtain lighter work that he could easily do, notwithstanding his injury; that he was willing to continue to do such lighter work, were he able to obtain it, but that he could not obtain such work, and further, was unable to do the heavier work he had done for defendant even were he given such work. Compensation for partial disability at $6 per week was awarded until the further order of the department.

When a person doing heavy work receives an injury causing a partial, permanent disability which incapacitates him from continuing to do such heavy work and he is unable to obtain lighter work which he is able and willing to do, he does not lose his right to compensation notwithstanding the fact that for a period after the accident he received a higher wage than before it occurred. Cases cited by defendant involving awards for total disability to employees only partially disabled are not pertinent. The "proportionate impairment" in earning capacity in the employment in which the employee was working at

the time of the injury admeasures the compensation. 3 Comp. Laws 1929, § 8427, subd.(e). The correct rule is set forth in *Van Driel* v. *Stevens,* 200 Mich. 291, and *Norris* v. *Elmdale Elevator Co.,* 216 Mich. 548, although they are not compensation cases. The amount the employee was capable of earning at the time he seeks further compensation is to be compared with his earning capacity at the time he received his injury in order to determine the diminution in his earning power. Plaintiff's earning capacity was undoubtedly diminished by the injury, and the fact that now he cannot secure employment at lighter work does not prevent him from recovering compensation for partial disability.

The award of the department is affirmed, with costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.