DUNAVANT *v.* GENERAL MOTORS CORPORATION.

1. Workmen's Compensation—Loss of Wage-Earning Capacity as Result of Compensable Injury.

> The principle upon which workmen's compensation is awarded is, that the employee has suffered a loss in his wage-earning capacity as a result of a compensable injury suffered while in the employ of his employer.

2. Same—Hand Injury—Pulmonary Tuberculosis—Increase of Compensation.

> Employee who suffered a compensable injury to his hand, was paid for total and, later, partial disability while at favored employment and then had a recurrence of pulmonary tuberculosis, a disease with which he had been afflicted before the injury and the recurrence of which did not result by reason of his accidental injury, was not entitled to have his compensation payments increased to an award for total disability where the favored employment continued to be available to him, there being no act on the part of the employer preventing him from continuing in its employ.

Appeal from Workmen's Compensation Commission. Submitted June 9, 1949. (Docket No. 26, Calendar No. 44,324.) Decided September 8, 1949.

Jack E. Dunavant presented his claim for compensation against General Motors Corporation, Cadillac Motor Car Division, employer. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed and remanded.

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation, § 2.
[2] 58 Am Jur, Workmen's Compensation, § 243 *et seq.*

*Charfoos, Gussin & Weinstein,* for plaintiff.

*Henry M. Hogan (G. W. Gloster, E. H. Reynolds* and *R. V. Hackett,* of counsel), for defendant.

CARR, J.   While in defendant's employ on December 18, 1944, plaintiff sustained an injury to his left hand.   It is conceded that the injury arose out of and in the course of the employment.   Compensation was paid by defendant at the rate of $21 per week for total disability from December 19, 1944, to January 29, 1945.   Thereafter plaintiff was given light work by defendant, at which he received wages equal to what he was receiving prior to his injury.   Payments for total disability were again made by defendant during the period between June 9, 1945, and July 7, 1945, following which plaintiff resumed his favored employment.   Because of a reduction in his weekly earnings he petitioned for further compensation, and was awarded $8.80 per week for partial disability, from and after July 15, 1945, until the further order of the commission.

In September, 1946, defendant filed a petition to stop compensation.   The deputy commissioner hearing the matter granted the petition, but the compensation commission of the department reversed the finding and awarded plaintiff compensation at the rate of $4.19 per week for partial disability, from July 22, 1946, until the further order of the commission.   Defendant was allowed credit under such order, which was entered June 24, 1947, for compensation paid by it to plaintiff after July 22, 1946.

On August 19, 1947, plaintiff petitioned the department of labor and industry for an increase in compensation from the weekly rate specified in the order above mentioned to $21 per week for total disability.   Such action was taken because plaintiff, on or about May 14th preceding the filing of such

petition, suffered a recurrence of pulmonary tuberculosis with which he had previously been afflicted in 1939. He made no claim that the ailment which forced him to leave his favored employment with the defendant was in any manner related to the injury to his hand, and it was conceded that the condition of his hand had not changed since the previous adjudication of partial disability. The deputy commissioner who heard the petition denied plaintiff's request for increased compensation and directed that the payments provided for in the order of June 24, 1947, should be continued. On appeal the compensation commission reversed the action of the deputy and allowed compensation to plaintiff at the rate of $21 per week for total disability from and after May 14, 1947, until the further order of the commission, with credit to defendant for compensation previously paid for partial disability. Defendant, on leave granted, has appealed.

It is the claim of the appellant that under the undisputed facts the compensation commission of the department of labor and industry was not authorized to award increased compensation to plaintiff. Emphasis is placed on the fact that plaintiff's condition resulting from the injury had not changed since the prior hearing, at which partial disability was found and compensation awarded accordingly. It is undisputed that plaintiff might have continued at his favored employment except for the recurrence of his tuberculosis. It is insisted that the order from which defendant has appealed was based wholly on disability resulting from the disease rather than on an aggravation of plaintiff's physical condition due to the injury, or on a loss or diminution of favored employment, and that the recurrence of plaintiff's ailment did not constitute such a change in circumstances as justified the increase in compensation. In support of its contention appellant

relies on *Blust* v. *National Brewing Co.,* 285 Mich 103, and also on the rule recognized by this Court in *Webber* v. *Steiger Lumber Company,* 322 Mich 675. See, also, *McKay* v. *Jackson & Tindle, Inc.,* 268 Mich 452.

In its determination of the matter the compensation commission of the department relied on the decision of this Court in *Sotomayor* v. *Ford Motor Company,* 300 Mich 107. In that case the plaintiff sustained an injury to his right hand, resulting in a permanent condition. He was given favored employment by the defendant; and was awarded compensation for partial disability at the rate of $12.-80 per week. From such order no appeal was taken. Payments continued thereunder for approximately 14 months when the parties, with the approval of the department, entered into a supplemental agreement providing for the suspension of payments, subject to the provision that if further disability from the plaintiff's injuries developed thereafter he should have the right to petition the department for further compensation. Approximately 3 years later plaintiff was found to be afflicted with leprosy and was removed to the leper colony at Carville, Louisiana. Subsequently he filed a petition for further compensation. On the hearing it developed that his physical condition, aside from the ailment with which he was afflicted, was approximately the same as at the time of the order of compensation for partial disability. Based on such showing the department awarded compensation at the same rate as did the prior order, indicating in its opinion that the previous award was a final determination with reference to plaintiff's disability, at that time, resulting from his injury. On appeal the award was affirmed by an evenly divided court. In its holding in the instant matter the compensation commission relied on the opinion of Justice STARR, who wrote for af-

firmance of the award. Read in the light of the situation under consideration, we do not think that such opinion may properly be construed as authority for the making of an award for total disability, under the factual situation established by the record in the case at bar. Apparently the department in the *Sotomayor Case* did not consider making an award for total disability, and there is nothing in the opinion of Justice STARR suggesting that such action would have been justified. Rather, the issue was whether the prior order of the department should be regarded as establishing Sotomayor's right to compensation for the disability resulting from the injury. In his opinion, Justice STARR used the following significant language:

"The fact that plaintiff is confined in the leper colony by health authorities and is thereby prevented from working at 'favored employment' does not defeat his right to compensation for his continuing hand injury. The liability to pay compensation for partial disability has been determined by the department of labor and industry and the supervening leprosy and resulting confinement does not relieve defendant from such adjudicated liability."

In support of the conclusion indicated as to the effect of the prior adjudicated liability, the opinion cited *Ward* v. *Heth Brothers,* 212 Mich 180, 198, quoting from the opinion in that case as follows:

" 'Counsel for plaintiff discuss the question whether the defendants are released from liability to pay compensation because of the supervening insanity of the plaintiff; and they urge in argument that after the liability to pay compensation has become fixed, no supervening infirmity or insanity of plaintiff will relieve the employer or his insurer from the liability to continue paying compensation according to the terms of the award as originally made. And the following cases are cited: *Eaves* v.

*Blaenclydach Colliery Co.,* 2 KB [1909] 73; *Harwood* v. *Wyken Colliery Co.,* 2 KB [1913] 158; *McNally* v. *Furness, Withy & Co.,* 3 KB [1913] 605; *Walsh's Case,* 227 Mass 341 (116 NE 496, 6 ALR 567).

" 'We doubt if defendants really claim that, simply, the intervening insanity would relieve them from liability. We understand their real position to be that the disability from which claimant has suffered since April 23, 1919, was due to disease and not the injury of February 12, 1916. However, we are of the opinion that the position of plaintiff upon that subject is fully sustained by the authorities cited. In other words, that the supervening insanity of the plaintiff does not justify defendants in stopping payment of compensation.' "

Justice BOYLES, who wrote for reversal in the *Sotomayor Case,* pointed out that in *Ward* v. *Heth Brothers, supra,* plaintiff was receiving compensation at the time his employment was terminated because of his insanity, and that the case was distinguishable on that ground. His opinion also called attention to the fact that if Sotomayor had not become a victim of leprosy he would have continued in his favored employment, and would not have been incapacitated from earning the wages that he had received therein.

In the case at bar appellant does not question the right of plaintiff to receive weekly compensation at the rate specified in the order of the commission entered June 24, 1947. Rather, its claim is that plaintiff Dunavant's inability to work because of tuberculosis, not connected in any way with the injury to plaintiff's hand, is not such a change in circumstances as justifies the increasing of compensation over and above that fixed in the prior adjudication of the department. Such position is consistent with the holdings in *Ward* v. *Heth Brothers, supra,* and *Neal* v. *Stuart Foundry Co.,* 250 Mich 46. Insofar

as the *Sotomayor Case* is concerned, it cannot be said that the result therein, or either opinion filed in the case, supports the compensation commission in making the order in the case at bar.

In *Pigue* v. *General Motors Corporation,* 317 Mich 311, the plaintiff sustained an injury while in the defendant's employ, for which he was paid compensation for certain periods when he was prevented by such injury from working. Thereafter defendant employed him at clerical work. While so employed at wages equal to or greater than he received at the time of his injury, the labor union of which he was a member called a strike, as a result of which the plaintiff was unemployed for approximately 3 months. He sought compensation for such period on the ground that his injury had totally disabled him from doing the work in which he had been engaged prior to such injury. The department, citing the *Sotomayor Case, supra,* awarded compensation for total disability. On appeal this Court set aside the award, saying in part:

"The principle upon which compensation is awarded is, that the employee has suffered a loss in his wage-earning capacity as a result of a compensable injury suffered while in the employ of his employer. * * *

"In the case at bar plaintiff could have continued his employment under the same terms and conditions as existed prior to going out on strike. The incapacity of plaintiff to earn wages during this period was not occasioned by his previous injury, but by the intervention of a labor union of which he was a member. Employment for plaintiff was available under conditions existing prior to the strike. Plaintiff is thus in the position of having refused employment until those conditions were modified. Plaintiff's employment did not cease by reason of any overt act upon the part of his employer or because

of his inability to work by reason of his accidental injury."

In the case at bar it must be said that plaintiff's inability to work at the favored employment given him by defendant did not result "by reason of his accidental injury." Neither was he prevented from continuing in such employment by any act on the part of the employer. As before noted, it is undisputed that plaintiff could have continued to work had it not been for the recurrence of pulmonary tuberculosis from which he had suffered at a prior time. Had favored employment not been available to him, a different situation would be presented. *Coleman* v. *Whitehead & Kales Co.*, 268 Mich 412; *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich 190; *Cundiff* v. *Chrysler Corp.*, 293 Mich 404.

Under the facts in the case at bar plaintiff is not entitled to an increase in compensation payments over and above the rate specified in the order of the department entered June 24, 1947. The order from which the defendant has appealed is vacated, with costs to defendant, and the case is remanded to the department of labor and industry for the entry of an order in accordance herewith.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, and Dethmers, JJ., concurred.

Butzel, J., did not sit.