## McKINNEY v UNIROYAL, INC.

1. WORKMEN'S COMPENSATION—RES JUDICATA.

   The doctrine of res judicata applies to workmen's compensation proceedings; however, for res judicata to bar a subsequent proceeding, the precise issue of fact or law must have been at issue and decided in the preceding litigation.

2. WORKMEN'S COMPENSATION—FAVORED WORK—EVIDENCE—PHYSICAL CAPABILITIES—FORFEITURE OF COMPENSATION—EMPLOYER'S BURDEN OF PROOF.

   An irrevocable forfeiture of compensation benefits should not be compelled where the employee refuses favored work in the absence of an express finding that the favored work was within the employee's then physical capabilities; the burden of showing that the proffered work is within the employee's physical capacity is on the employer.

3. WORKMEN'S COMPENSATION—FAVORED WORK—EMPLOYEE REFUSAL —REFUSAL JUSTIFIED—EMPLOYEE IS CAPABLE—REFUSAL NOT JUSTIFIED—DENIAL OF BENEFITS.

   An employee is under no obligation to comply with an unreasonable and arbitrary demand to accept whatever work an employer thinks is suitable; but an injured employee who refuses an offer of favored work which the employee is capable of performing, is not entitled to workmen's compensation benefits.

4. WORKMEN'S COMPENSATION—FAVORED WORK—EMPLOYEE REFUSAL —PHYSICAL ABILITY—EVIDENCE—LEGAL CONSEQUENCES UNDECIDED.

   No Michigan decision speaks of the legal consequences of an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 584, 587.

Matters concluded, in action at law to recover for the same injury, by decision or finding made in workmen's compensation proceeding. 84 ALR2d 1036.

[2–6] 82 Am Jur 2d, Workmen's Compensation § 349.

82 Am Jur 2d, Workmen's Compensation § 511.

[6] 82 Am Jur 2d, Workmen's Compensation § 549 *et seq.*

[7] 82 Am Jur 2d, Workmen's Compensation § 605.

employee's refusal to try favored work when there is no evi-
dence one way or the other of whether or not the employee has
the physical ability to perform such work.

5. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Fᴀᴠᴏʀᴇᴅ Wᴏʀᴋ—Eᴍᴘʟᴏʏᴇᴇ Rᴇғᴜsᴀʟ
      —Pʜʏsɪᴄᴀʟ Aʙɪʟɪᴛʏ—Eᴍᴘʟᴏʏᴇʀ's Bᴜʀᴅᴇɴ ᴏғ Pʀᴏᴏғ—Fᴏʀғᴇɪᴛ-
      ᴜʀᴇ ᴏғ Bᴇɴᴇғɪᴛs.

   An employer is unable to sustain its burden of proving the
   physical ability of an employee to perform the job offered
   where the employee flatly refuses to try; employee refusal
   should be favorably considered and weighed in favor of the
   employer in the determination of whether the employer has
   carried its burden of proof, but such refusal does not result in
   an automatic forfeiture of benefits.

6. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Fᴀᴠᴏʀᴇᴅ Wᴏʀᴋ—Pʜʏsɪᴄᴀʟ Aʙɪʟɪᴛʏ—
      Eᴍᴘʟᴏʏᴇᴇ Rᴇғᴜsᴀʟ—Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ Aᴘᴘᴇᴀʟ Bᴏᴀʀᴅ
      —Fɪɴᴅɪɴɢ ᴏғ Fᴀᴄᴛ.

   Merely because an employee was physically unable at a later
   date to cope with the favored work offered does not mean that
   he was likewise physically unable to do so 31 months earlier
   when the same type of favored position was first offered; the
   Workmen's Compensation Appeal Board should make an appro-
   priate finding of fact as to whether the employee was capable of
   performing the favored work when it was first offered.

7. Wᴏʀᴋᴍᴇɴ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—Bᴇɴᴇғɪᴛs—Fᴜʀᴛʜᴇʀ Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ—
      Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ Oʀɪɢɪɴᴀʟʟʏ Sᴏᴜɢʜᴛ—Wɪᴛʜʜᴇʟᴅ Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ
      —Pᴇɴᴅɪɴɢ Lɪᴛɪɢᴀᴛɪᴏɴ—Sᴛᴀᴛᴜᴛᴇs.

   The statute which provides for the one-year back limitation on
   the payment of workmen's compensation benefits applies where
   a claimant is seeking "further compensation" as distinguished
   from compensation originally sought but which is withheld
   pending further determination (MCLA 418.833; MSA
   17.237[833]).

Appeal from Workmen's Compensation Appeal
Board. Submitted January 9, 1978, at Detroit.
(Docket No. 77-1098.) Decided April 4, 1978.

Claim by Frank McKinney against Uniroyal,
Inc., for workmen's compensation. Benefits denied
for a prior 31-month period, but an award of
future payments was granted. The Workmen's

Compensation Appeal Board affirmed. Claimant appeals by leave granted. Reversed and remanded.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Ina C. Cohen*), for plaintiff.

*Lacey & Jones* (by *John L. Salter*), for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

ALLEN, P. J. We are asked to determine whether a 3–2 split decision of the Workmen's Compensation Appeal Board, denying plaintiff benefits for an interim 31-month period (April 30, 1970, to December 2, 1972) on grounds that plaintiff refused to perform favored work, should be affirmed.

Plaintiff commenced work for defendant in 1951 and, in May 1971, filed a petition claiming an occupational disablement as of July 1969, from severe lung congestion caused by working in atmospheric pollutants. Following hearings held before him in the summer and fall of 1972, Hearing Referee Robert Martin issued an opinion November 8, 1972, holding that plaintiff was disabled from July 8, 1969, to April 30, 1970, but terminated benefits at that point for the following reasons:

"No compensation is ordered payable from April 30, 1970 to date because plaintiff's medical witness, Dr. Hopkins, felt that plaintiff should have tried the proffered work to see whether he could have done it. Plaintiff's second medical witness, Dr. Shapiro, felt that any area in the plant would contain irritating airborne particles. Unfortunately neither of the doctors had the benefit of having viewed the proffered work area. The particular area appears to be essentially free of airborne particles although it is not free from the odor of

rubber. The proffered employment has been on October 9, 1971 been *[sic]* inspected by the hearing referee and found to be 'clean'. The proffered employment, however, is not as easy as it would seem from descriptions given. There appears to be considerable exertion required in the unrolling of the inner rag; also the pocket checker, at the time of observation, was constantly, though not hurriedly, moving about the work area.

"Plaintiff should present himself for work and attempt the proffered employment. Until such time as he does he is entitled to no further compensation. If, and when plaintiff does attempt to return to work he shall be entitled to compensation for partial disability as set forth in the statute."

No appeal was taken from Referee Martin's decision, but 24 days following the date of that decision, plaintiff reported at defendant company and attempted to perform the favored work. Claiming he was unable to do such work, he left two weeks later and, on January 22, 1973, filed another petition for hearing. On March 28, 1973, he again returned to defendant company and again was unable to perform the favored work and left some two weeks later. Hearings were held by administrative law judge Morris Zwerdling who, on July 11, 1975, found that plaintiff was unable in 1972 to do the favored work offered by defendant company and entered an open award for future payments but denied compensation for the period here in dispute. Defendant then appealed to the Workmen's Compensation Appeal Board which unanimously agreed that plaintiff was entitled to an open award from December 11, 1973. However, three members held that for the 31-month period from April 30, 1970, to December 2, 1972, plaintiff, by unreasonably failing to perform work proffered in good faith within his capacity to perform and by failing to appeal Referee Martin's decision, was

not entitled to compensation.[1] Two members held that Referee Martin did not either expressly or by implication find that plaintiff was able to perform the proffered work but instead merely suspended the compensation which otherwise would be payable for that period until plaintiff presented himself and attempted to perform such work. Since at the second hearing plaintiff's proofs showed he was unable in 1972 to perform the work proffered, the two members concluded he was entitled to compensation for the 31-month period. On appeal to us, only the question of whether or not plaintiff was entitled to benefits during the intervening period between the date of suspension by referee Martin and plaintiff's attempts at favored work is at issue.

The correct answer to the narrow issue posed above lies in which of two possible meanings is to be given to Referee Martin's holding cited earlier. Did Referee Martin find (a) favored work was offered, (b) plaintiff refused to try such work, *and* (c) plaintiff was capable of performing such favored work? Or did the referee only find (a) and (b) but withheld decision on condition (c) pending plaintiff's return to try such favored work at which

[1] "Referee Martin's decision, *whether right or wrong,* stopped plaintiff's compensation until he attempted the proffered employment: 'Plaintiff should present himself for work and attempt the proffered employment. Until such time as he does, he is entitled to no further compensation.' In the absence of any appeal, this ruling became final fifteen days after its entry: i.e.: by November 24, 1972. Instead of appealing, plaintiff chose to attempt the proffered work commencing December 2, 1972. The issues of *defendant's good faith in* offering work, defendant's burden to show work within plaintiff's capacity to perform, and plaintiff's unreasonable failure to accept the proffered work were included in that final unappealed judgement and compensation was thus waived by plaintiff for the period from April 30, 1970, until he proved his inability to perform and became entitled to compensation when he left the proffered work December 17." Workmen's Compensation Appeal Board Addendum Opinion dated February 28, 1977.

time it would then be determined whether plaintiff was able to perform such work as of April 30, 1970? The Workmen's Compensation Appeal Board majority reads the referee as holding the first interpretation, and the minority construes the referee as intending the second position. The doctrine of res judicata applies to workmen's compensation proceedings. *Hlady v Wolverine Bolt Co,* 393 Mich 368, 375; 224 NW2d 856 (1975). But in workmen's compensation proceedings "for the doctrine of res judicata to bar a subsequent proceeding, the precise issue of fact or law must have been at issue and decided in the preceding litigation". *White v Michigan Consolidated Gas Co,* 352 Mich 201, 211; 89 NW2d 439 (1958). Case authority and res judicata, therefore, would support the majority position if it is determined that Referee Martin found conditions (a), (b) and (c) above.

There is no question in our minds that the referee found conditions (a) and (b). But we agree with the WCAB minority that the referee merely withheld judgment on plaintiff's ability to perform the favored work. And we know of no law which compels an irrevocable forfeiture of compensation benefits where the employee refuses the favored work in the absence of an express finding that the favored work was within the employee's then physical capabilities. In fact, it is the employer who ultimately bears the burden of showing that the proffered work is within the employee's physical capacity. In *Kolenko v United States Rubber Products, Inc,* 285 Mich 159, 162; 280 NW 148 (1938),[2] our Supreme Court stated:

---

[2] The suspension of benefits technique employed by Referee Martin violated *Kolenko.* If he was unable to find that plaintiff could perform the work, he should have found that plaintiff could not do so because defendant had the burden of proof on this question. This technique should be avoided in future cases.

"The burden was on the defendant to show that it offered plaintiff work *which she could perform.* Obviously her physical handicap excluded labor that would require the use of her injured arm. Plaintiff was under no obligation to comply with the unreasonable and arbitrary demand of defendant that she accept whatever work the company thought suitable for her." (Emphasis supplied).

Admittedly, several cases cited by defendant as controlling held that an injured employee who refuses an offer of favored work which the employee is capable of performing is not entitled to workmen's compensation benefits. *Pigue v General Motors Corp,* 317 Mich 311, 318; 26 NW2d 900 (1947), *Lynch v Briggs Manufacturing Co,* 329 Mich 168, 172; 45 NW2d 20 (1950), *Hope v Welch Grape Juice Co,* 46 Mich App 128, 129; 207 NW2d 476 (1973). The trouble is that no decision speaks to the legal consequences of an employee's refusal to try favored work when there is no evidence one way or the other of whether or not the employee has the physical ability to perform such work. As defendant correctly inquires, how can the employer sustain its *Kolenko* burden of proof of the physical ability of the employee to perform the job offered if the employee flatly refuses to try? Under such circumstances, again assuming there is no other evidence one way or the other as to the employee's ability to perform the favored work, does refusal result in an automatic forfeiture of benefits? We think not but do opine that such refusal should be favorably considered and weighed in favor of the employer in the determination of whether the employer has carried its burden of proof.

In the instant case there has been no determination whether plaintiff was physically capable—in

1970—of performing the proffered work. All that has been determined is that in 1970 he should have tried it and that in 1972 he was incapable of performing it. True, in the hearing before Referee Martin, one of plaintiff's medical witnesses stated plaintiff should have tried the favored work but a second medical witness felt any area of the plant would contain irritating substances. In view of this conflict in testimony and the referee's own personal inspection of the plant from which he concluded that the proffered employment "is not as easy as it would seem from the descriptions given", and that "considerable exertion is required", it appears to us that Referee Martin did weigh plaintiff's refusal to attempt the proffered work in favor of the employer but nevertheless concluded that, until further evidence was produced in the form of plaintiff's return and attempt to perform the favored work, the employer had not carried its burden of proof. Under *Kolenko, supra,* the employer must carry the burden of proof that the offered work is within the employee's capabilities of performance. Certainly, the referee's admittedly ambiguous opinion failed to make clear that the employer has carried that burden of proof. Since Referee Martin did not make a finding that plaintiff was physically capable of performing the favored work—this being condition (c) described earlier—res judicata does not govern. To this extent we agree with the minority opinion of the Workmen's Compensation Appeal Board.

Nevertheless, we cannot agree with the minority's automatic assumption that plaintiff was unable to perform the work offered in 1970 because he was unable to perform it in 1972.[3] Some 2-1/2

---

[3] Findings of fact by the Appeal Board must be accepted as true. But in the present case such "findings" were made by a minority of the Appeal Board. Furthermore, having examined the record we find

years elapsed between the 1970 job offer and December 2, 1973, when plaintiff attempted the pocket checker job.[4] The record more than adequately supports the unanimous conclusion of the Appeal Board that in late 1972, plaintiff was unable to withstand the dust, exertion and strain required in either the pocket checker or flipper job positions. Testimony by Dr. Avrin, a witness for plaintiff, and by Dr. Barrett, defendant's only medical witness, suggested that plaintiff's condition worsened between late April 1970 and late 1972.[5] It does not follow and we cannot agree with the minority opinion that merely because the transcript supports a conclusion that in 1972 plaintiff was physically unable to cope with the favored work offered, he was likewise physically unable to do so in April 1970 when the same type of favored position was first offered. In our opinion there can be no solution to the problem posed without a finding of fact as to whether or not the employee was capable of doing the proffered work at the time it was offered in April 1970. We therefore reverse that portion of the decision of the Workmen's Compensation Appeal Board which denied plaintiff benefits for the 31-month interim period

no testimony directly pertaining to plaintiff's capacity in 1970 to perform the work offered in 1970. Findings unsupported by any evidence are not binding on an appellate court. *Thomas v Griffin Wheel Co,* 8 Mich App 35, 42; 153 NW2d 387 (1967).

[4] Plaintiff first tried working as a pocket checker but gave that position up because of chest pain and difficulty in breathing. March 28, 1973, plaintiff was offered a "flipper's job" which he worked at until April 12, 1973, but gave up primarily because it required lifting 75 to 100 pounds for each roll of rubber and placing them on a truck.

[5] On this point, the comprehensive opinion of member Richardson, speaking for the majority, states:

"However, Dr. Barrett did have a strong clinical impression that plaintiff has heart disease (not indicating whether related to pulmonary disorder) and suffers from symptoms of inadequate circulation of the heart muscle. Thus, if there has been any change of plaintiff's condition since 1972, *it has apparently been a worsening,* not an improvement thereof." (Emphasis added.)

here involved and remand to the board with instructions that the board make an appropriate finding of fact as to whether plaintiff was capable of performing the favored work when it was offered in April 1970.

The Workmen's Compensation Appeal Board also split on the question of whether plaintiff would be barred from compensation until January 22, 1972, under the one-year back rule, MCLA 418.833; MSA 17.237(833), assuming, *arguendo,* that res judicata would not apply. The majority stated that the one-year back rule would govern and the minority concluded that it would not. We agree with the minority. The statute applies where the claimant is seeking "further compensation" as distinguished from compensation originally sought but which is withheld pending further determination. For the reasons hereinbefore set forth as to why res judicata does not apply we find that in the present situation plaintiff was not asking "further compensation".

Reversed and remanded to the Workmen's Compensation Appeal Board for further findings in accordance with this opinion. No costs, neither party having prevailed in full.