KOLENKO *v.* UNITED STATES RUBBER PRODUCTS, INC.

1. WORKMEN'S COMPENSATION—EMPLOYEE'S REFUSAL TO COOPERATE AS TO REEMPLOYMENT—EMPLOYER'S BURDEN OF PROOF.

Employer, asserting injured employee refused to cooperate in refusing to accept reemployment tendered her and that because thereof compensation should be stopped, had burden of showing it offered employee work which she could perform.

2. SAME—REEMPLOYMENT—ARBITRARY DEMANDS OF EMPLOYER.

Claimant who was receiving compensation for total disability when requested by employer to come to its place of business so it could give her work was under no obligation to comply with an unreasonable and arbitrary demand that she accept whatever work it thought suitable for her.

3. SAME—STOPPING COMPENSATION—TOTAL DISABILITY—SHOULDER INJURY—REEMPLOYMENT.

On petition to stop compensation which had been awarded for total disability for atrophy of the muscles of right shoulder girdle due to injury to the nerve, evidence *held*, to support finding that claimant's condition had not improved since previous award and that employer's unreasonable and arbitrary conduct incident to reemployment required affirmance of award.

4. SAME—FINDINGS OF FACT BY DEPARTMENT CONCLUSIVE.

Findings of fact by the department of labor and industry, supported by evidence, are conclusive (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted April 5, 1938. (Docket No. 10, Calendar No. 39,740.) Decided June 10, 1938. Rehearing denied October 3, 1938.

Marie Kolenko presented her claim against United States Rubber Products, Inc., for compensation for injuries sustained in defendant's employ. On petition to stop compensation. Petition denied. Defendant appeals. Affirmed.

*Clyde W. Chapman* and *Colin J. McRae,* for plaintiff.

*Leo W. Kuhn,* for defendant.

McALLISTER, J. On July 19, 1932, plaintiff sustained an accidental injury in the course of her employment with defendant, which was caused when her right arm was drawn between the rollers of the machine. As a result of the accident she suffered contusion, abrasion and a fracture of the upper third of the right humerus. Pursuant to an approved agreement, she was paid compensation for total disability until December 12, 1932, when compensation

was stopped on an approved settlement receipt. Thereafter, plaintiff secured employment at Dodge Brothers where she worked approximately five months, but was unable to continue due to weakness in her right arm.

On February 5, 1936, she filed a petition for further compensation and on August 21, 1936, was awarded compensation for total disability from August 1, 1933, until the further order of the department. Petition by defendant for a writ of certiorari from the order of the department was denied. On December 23, 1936, defendant filed petition to stop compensation which was dismissed by the deputy commissioner on February 5, 1937. On February 23, 1937, defendant filed a further petition to stop compensation, and on March 24, 1937, by award of the deputy commissioner, compensation was suspended on the ground of plaintiff's lack of cooperation in refusing to accept employment tendered her by defendant. On appeal to the department, the award of the deputy commissioner was reversed and an order entered awarding plaintiff compensation for total disability, in keeping with the order of August 21, 1936.

On the hearing, defendant introduced testimony showing that plaintiff had been requested to come to defendant's place of business and that defendant would give her a job. She went to the employment office with her attorneys and was requested to sign an employment card so that she could be assigned to work. Both plaintiff and her attorneys asked to be advised of the kind of work she would be expected to do, but plaintiff testified that the defendant refused to tell her of the nature of the job. Defendant admits that plaintiff's attorneys stated that they wished to go out into the factory and look at the job

in order to advise plaintiff as to whether she should accept it, but defendant's manager refused to tell plaintiff what the job consisted of and refused the attorneys the right to go into the factory in order to inform themselves what plaintiff would be obliged to do. Upon such refusal of defendant's manager, plaintiff left the place of business with her attorneys, and it is claimed by defendant that her action was such a refusal to cooperate as to require reversal of the order entered by the department of labor and industry.

The burden was on the defendant to show that it offered plaintiff work which she could perform. Obviously her physical handicap excluded labor that would require the use of her injured arm. Plaintiff was under no obligation to comply with the unreasonable and arbitrary demand of defendant that she accept whatever work the company thought suitable for her. Plaintiff in her attitude and conduct with regard to the proposed job clearly appears to have been actuated by good faith. The law does not compel her to submit to the capricious dictates of an employer with regard to the kind of work she must accept in order to show cooperation. The only lack of cooperation that appears from the record in this case is on the part of defendant.

Plaintiff's physician testified that he had examined her on August 21, 1936, and on November 3, 1936, and that she was suffering from atrophy of the muscles of the right shoulder girdle; that some of the muscles were completely gone and some partially; and that such atrophy had been caused by injury to the nerve supplying that particular muscle. It was the physician's opinion that there would never be any regeneration of the muscle, and that there was no difference in the physical condition of plain-

tiff at the time of the hearing and at the time when award of total disability had been made on August 21, 1936. He further testified that she would suffer pain in using her right arm; that any use of the shoulder would cause it to become weak, tired and painful; that it would be inadvisable for plaintiff to work under such circumstances; and that in his opinion she could not do any kind of factory work.

The department held that there was no evidence in the record to support a finding that plaintiff's condition had improved since the date of the award allowing compensation for total disability on August 21, 1936. The findings of fact of the department were supported by evidence and according to the provisions of the statute are conclusive.* These, together with the conduct of defendant regarding plaintiff's reemployment, require that the award of the department of labor and industry be affirmed, with costs to plaintiff.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—Reporter.