CHRISTIANSEN v EATON, YALE & TOWNE, INC

Docket No. 77-1442. Submitted May 3, 1978, at Marquette.—Decided
    September 6, 1978.

Plaintiff, Harlon S. Christiansen, was injured during the course of
    his employment with defendant Eaton, Yale & Towne, Inc.,
    with the injury ultimately requiring hospitalization and sur-
    gery. Workmen's compensation benefits were voluntarily paid
    from September, 1969, through May, 1970, and from October,
    1970, to August, 1973. In July, 1973, after receiving a medical
    opinion that Christiansen could perform a job that did not
    involve heavy lifting, Eaton contacted plaintiff concerning pos-
    sible light work. Plaintiff appeared at defendant's plant, but
    refused to look at the possible jobs. The workmen's compensa-
    tion referee determined that benefits were properly terminated
    by reason of plaintiff's refusal of favored work. The Workmen's
    Compensation Appeal Board affirmed the referee's determina-
    tion. Plaintiff appeals by leave granted. *Held:*

    1. The favored work provision of the Worker's Disability
    Compensation Act requires that an injured employee make a
    good faith attempt to perform favored work which has been
    offered in good faith; the refusal of such favored work by the
    injured employee terminates the employee's right to continued
    workmen's compensation benefits.

    2. The remedy under the favored work provision of the
    Worker's Disability Compensation Act is distinct from the
    remedy under the vocational rehabilitation provision of the act,
    and the former is not impliedly repealed by the latter.

    3. The favored work provision of the Worker's Disability
    Compensation Act does not violate an injured employee's con-
    stitutional rights of equal protection and due process.

    Affirmed.

1. WORKMEN'S COMPENSATION — FAVORED WORK — GOOD FAITH.
    The favored work provision of the Worker's Disability Compensa-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 349.
[2] 82 Am Jur 2d, Workmen's Compensation § 387.
[3] 81 Am Jur 2d, Workmen's Compensation §§ 16, 17.

tion Act requires that an injured employee make a good faith attempt to perform favored work which has been offered in good faith; the refusal of such favored work by the injured employee terminates the employee's right to continued workmen's compensation benefits.

2. WORKMEN'S COMPENSATION — FAVORED WORK — VOCATIONAL REHABILITATION.

The remedy under the favored work provision of the Worker's Disability Compensation Act is distinct from the remedy under the vocational rehabilitation provision of that act, and the former is not impliedly repealed by the latter (MCL 418.319; MSA 17.237[319]).

3. WORKMEN'S COMPENSATION — FAVORED WORK — CONSTITUTIONAL LAW.

The favored work provision of the Worker's Disability Compensation Act does not violate an injured employee's constitutional rights of equal protection and due process.

*Wisti & Jaaskelainen,* for plaintiff.

*Hansley, Neiman, Peterson, Beauchamp & Stupak, P.C.,* for defendants.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. On March ,28, 1977, the Michigan Workmen's Compensation Appeal Board affirmed the July 15, 1974, decision of the referee which denied plaintiff workmen's compensation benefits on the ground that plaintiff had refused favored work. Plaintiff appeals this order by leave granted on August 11, 1977.

On July 17, 1969, plaintiff was employed by defendant when, during the course of his employment, he was injured while attempting to put an air filter on a lathe. Plaintiff continued working until September, when he was hospitalized and put in traction. He had a back operation (laminectomy) in October. Defendants voluntarily paid

workmen's compensation benefits for the period from September, 1969 through August 9, 1973. During this time plaintiff returned to work for a five-month period between May 24, 1970, and October 6, 1970. During this five-month period he worked on tool and die making. Plaintiff's reason for leaving this job at the conclusion of the five-month period was that he reinjured his back. In response to a petition for compensation benefits filed May 12, 1971, defendant Eaton voluntarily commenced benefits and the petition was dismissed August 26, 1971.

In March of 1973 plaintiff was examined by Dr. James W. Lyons, a specialist in orthopedic surgery. At that time plaintiff complained of recurrent back pains in the lower back, pain in the left leg, and a feeling of coldness in the left foot. Dr. Lyons concluded that plaintiff was disabled from doing heavy manual labor but not totally disabled from doing any work. He testified that it was his opinion that plaintiff could perform a job if it did not involve heavy lifting.

In addition to Dr. Lyons' testimony the medical proofs also include depositions of Adam Brish, M.D. and Maurice E. Meier, M.D. on behalf of plaintiff. Dr. Brish was the operating neurosurgeon and his testimony only dates to his final examination of October 19, 1970. At that time he found the neurological examination of plaintiff negative.

Dr. Meier, testifying on behalf of the plaintiff, essentially found him totally and permanently disabled but conceded that "he could certainly try and see what happens."

On July 11, 1973, Mr. Sjoquist, defendant's plant manager, wrote plaintiff concerning possible light

work. Plaintiff answered the letter promptly, appearing at defendant's plant two days after the letter was mailed. Plaintiff was turned over to union officials and to a plant superintendent to examine the jobs. Mr. Sjoquist could not personally confirm that specific job offers had been made. Wilfred Mineau, the plant superintendent, testified at the February hearing. He stated that plaintiff was never taken around the plant to look at the jobs because he refused to go. Plaintiff stated to Mr. Mineau that there were no jobs he could do out there, and that "[t]here wasn't any jobs he could do standing up or sitting down". He testified that plaintiff was offered a job assembling panels on that day. In addition, plaintiff was offered a job coil winding, which would have required him to be at the job constantly. Mineau stated that he did not have the authority to provide a job which would allow plaintiff to lie down when his back bothered him and that he did not feel this would be tolerated by the company or the union. Plaintiff testified that he did not try the jobs in the plant because they required sitting or standing in one place, which he was incapable of doing.

Plaintiff raises two issues on this appeal: (1) whether the Workmen's Compensation Appeal Board misapplied the favored work doctrine so as to place a duty on plaintiff to prove that he could not perform the favored work offered him, and (2) whether the favored work doctrine as applied is a violation of plaintiff's due process and equal protection rights. In this Court's opinion no reversible error has been committed here. The finding of the board is affirmed.

Chairman Gillman, for the majority of the appeal board, applied the following legal standard in the case at bar:

"As we read the law, defendant has the burden of making a good faith job offer of sufficiently favored work *(Kolenko v U.S. Rubber Products,* 285 Mich 159 [280 NW 148 (1938)]), which was done here. Plaintiff has the burden of attempting to perform same *(Lynch v Briggs Mfg Company,* 329 Mich 168 [45 NW2d 20 (1950)], *Pulley v Detroit Engineering and Machine Company,* 378 Mich 418 [145 NW2d 40 (1966)], et. al.)."

Where the Workmen's Compensation Appeal Board has applied the proper legal standard, and there is competent evidence to support its finding, this Court is bound by law to accept its decision. Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *Barrett v Bohn Aluminum & Brass Co,* 69 Mich App 636, 640; 245 NW2d 147, 150 (1976).

A refusal of favored work that an injured employee is capable of performing terminates that employee's right to continued compensation benefits. *Brown v Premier Manufacturing Co,* 77 Mich App 573, 577; 259 NW2d 143, 145 (1977). The board's statement that plaintiff had the "burden of attempting to perform same" is not inconsistent with the case law. Plaintiff refused to even examine the jobs offered. In light of this total refusal it cannot be said that plaintiff acted in good faith, as was found to be the fact in *Kolenko v United States Rubber Products, Inc,* 285 Mich 159, 162; 280 NW 148, 149 (1938). In this Court's opinion the board's statement that plaintiff has the burden of attempting to perform refers to this duty of good faith. Especially is this true in light of the fact that in the immediate preceding sentence the board referred to the defendant's burden of making a good faith job offer. Since the record contains competent evidence to support the board's factual determinations, and since this Court's review is limited to whether or not the proper legal stan-

dards were applied, this Court finds this issue to be without merit.

As to the second issue, the record shows that plaintiff has not initiated the statutory procedure for determining his right to vocational rehabilitation benefits by petitioning the director of the Workmen's Compensation Bureau for a hearing on the matter. MCL 418.391; MSA 17.237(391). Plaintiff contends that this statute impliedly repeals the judicially created favored work doctrine. This Court does not agree. The statute merely provides an injured employee the right to receive vocational training and rehabilitation. The favored work doctrine operates to give the employer a similar remedy for initiating a determination of the injured employee's ability to work. The remedies offered to each party under each doctrine are distinct in nature though reaching the same issue. These remedies cannot be said to conflict.

Since no fundamental rights are involved the proper standard to be applied in determining whether a denial of equal protection has occurred is whether any reasonable relation exists between the classification and a legitimate state interest. *Wahl v Brothers,* 60 Mich App 66, 70; 230 NW2d 311, 313 (1975), *rev'd on other grounds* 394 Mich 797 (1975). Since the favored work doctrine and the vocational rehabilitation statute provide symmetrical remedies to both parties this Court finds neither a denial of equal protection nor of due process.

The order of the Workmen's Compensation Appeal Board is affirmed.