BOWER v WHITEHALL LEATHER COMPANY

Docket No. 78-5290. Submitted May 2, 1979, at Grand Rapids.—Decided October 10, 1979. Leave to appeal applied for.

Ferrell Bower, a long time management employee of Whitehall Leather Company, suffered various industrial injuries to his left knee. As a result of the recurring injuries, Bower had several absences from work. With each recuperation he returned to his employment. During a union strike at Whitehall, in 1974, Bower's left knee began bothering him again when management employees performed regular labor jobs. In July, 1974, Bower moved to Florida and subsequently obtained employment with a jewelry retailer as a floor guard. Bower petitioned for continuing weekly worker's disability benefits for the differential between his Florida earnings and his earnings at Whitehall Leather. Prior to the hearing on the claim, Bower was examined at Whitehall's request in order to determine if he was capable of returning to work. As a result of the doctor's examination, Bower was given, at the hearing, a return to work offer. The offer was refused by Bower. An administrative law judge awarded Bower continuing differential benefits. Whitehall appealed to the Worker's Compensation Appeal Board. The board made specific findings that Bower remained disabled from general, common labor, that Whitehall's offer of favored employment was reasonable and not made in bad faith and that Bower was capable of performing the offered work. The board held, however, that Bower was entitled to continuing differential benefits because he reasonably refused the job offer. Whitehall appeals. *Held:*

An injured employee who refuses an offer of employment for "favored work" which the employee is capable of performing is not entitled to worker's disability compensation benefits. In the instant case, Bower was physically able to perform the work offered by Whitehall. The refusal was predicated on the fact that he was situated elsewhere and acceptance of the offer

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 349.

would be unsettling. Bower's refusal to accept the good faith offer results in forfeiture of his right to disability benefits.
Reversed.

Workmen's Compensation — Favored Work — Refusal — Benefits.

An injured employee who refuses to accept an offer of employment for "favored work" which the employee is capable of performing is not entitled to workmen's compensation benefits.

*McCroskey, Libner, VanLeuven, Feldman, Kortering, Cochrane & Brock,* for plaintiff.

*Landman, Hathaway, Latimer, Clink & Robb* (by *Jon D. Vander Ploeg),* for defendant.

Before: MacKenzie, P.J., and D. E. Holbrook, Jr., and Cynar, JJ.

Per Curiam. Defendant Whitehall Leather Company appeals by leave granted from a final order of the Worker's Compensation Appeal Board entered December 30, 1977, ordering defendant to pay plaintiff differential benefits pursuant to MCL 418.351 and 418.371; MSA 17.237(351) and 17.237(371), for continuing total disability resulting from industrial injuries to plaintiff's left knee.

Plaintiff, a long time management employee at defendant Whitehall Leather Company, suffered various injuries to his left knee, the first occurring in April of 1970. The recurring injuries caused several absences from work and with each recuperation he returned to his employment. During a union strike in the summer of 1974, when management employees performed regular labor jobs, plaintiff's knee began bothering him again. On July 19, 1974, plaintiff moved to the State of Florida and on November 30, 1974, obtained employment with a jewelry retailer as a floor guard. The instant claim is specifically for continuing

weekly benefits calculated by using the differential between his earnings at Whitehall Leather and his earnings at Sam Solomon Co., his Florida employer.

Prior to the hearing on the claim on April 28, 1975, plaintiff was examined at defendant's request in order to determine if he was capable of returning to work at Whitehall Leather. As a result of the examining doctor's testimony taken three weeks before the hearing, plaintiff was given a return to work offer at the trial, which offer was refused by plaintiff. An award of the administrative law judge continuing differential benefits was appealed to the Worker's Compensation Appeal Board.

The board made specific findings that the plaintiff remains disabled from general, common labor, that defendant's offer of favored employment was reasonable and not made in bad faith, and that plaintiff was capable of performing the offered work.

The board held that plaintiff was entitled to continuing differential benefits because he reasonably refused the job offer. The board held that the refusal was reasonable because plaintiff obtained other employment which mitigated compensation payable from defendant; plaintiff's wife was employed; and a permanent new residency was established. We disagree.

The precise issue involved is set forth in the board's opinion:

"Must plaintiff accept a favored job within his capacity to perform, even if it means returning to Michigan from his new home in Florida?"

In *Hope v Welch Grape Juice Co,* 46 Mich App

128; 207 NW2d 476 (1973), this Court set forth the general rule that an injured employee who refuses an offer of employment for "favored work" which the employee is capable of performing is not entitled to workmen's compensation benefits. The Court reversed the board's decision which had terminated payments because there was no specific firm offer of employment within the plaintiff's ability to perform. In *Kolenko v United States Rubber Products, Inc,* 285 Mich 159; 280 NW 148 (1938), the Michigan Supreme Court upheld an award to the plaintiff who had refused an offer of employment because the defendant refused to inform her of the nature of the work.

*Hope* and *Kolenko* involved situations where the employer insufficiently complied with the "offer of employment" requirement of the general rule set forth in *Hope.* In the instant case, however, the question is whether the plaintiff is capable of performing the work offered by defendant. Plaintiff cites *Lynch v Briggs Manufacturing Co,* 329 Mich 168; 45 NW2d 20 (1950), for the principle that an employee is entitled to benefits whenever he is prevented from performing favored work due to events beyond his control and not attributable to him. In *Lynch,* the Michigan Supreme Court held that an employee who was totally disabled did not lose his right to benefits during a period in which he was prevented from performing favored work because of two subsequent nonwork-related injuries. The Court stated, however, that the plaintiff could not be awarded compensation if he refused work that he was physically able to perform.

The facts of this case are reminiscent of the situation in *Pigue v General Motors Corp,* 317 Mich 311; 26 NW2d 900 (1947), in which the Court held that an employee was not entitled to benefits

for a period in which favored work was missed because of a strike. The Court noted that plaintiff's incapacity to work was not a result of his injury, but because of activity of his labor union.

In the instant case, plaintiff was physically able to perform the work offered by defendant. His refusal was predicated on the fact that he was already situated elsewhere and, therefore, acceptance of the offer would be unsettling. We find that the refusal of the plaintiff-employee to accept the good faith offer of his employer to return to favored work within his physical capabilities results in forfeiture of his right to disability benefits, and we thus reverse the appeal board.