HAMLIN v MICHIGAN SEAT COMPANY

Docket No. 54173. Submitted June 1, 1981, at Grand Rapids.—Decided December 16, 1981.

Opal C. Hamlin incurred job-related injuries. In lieu of paying workers' compensation benefits, her employer, Michigan Seat Company, offered her "favored work" with the company's wholly owned subsidiary at benefits equal to those which she had been receiving. She refused the proffered employment on the ground that the company to which she would be transferred was not a union plant. Consequently, she was denied benefits from the date of her refusal. She appealed to the Workers' Compensation Appeal Board, which denied an award of benefits because she refused work which she was capable of performing. She sought leave to appeal in the Court of Appeals, which application was denied. She then sought leave to appeal in the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 409 Mich 926 (1980). *Held:*

The Workers' Compensation Appeal Board applied the correct legal standard to the case, and the record reveals that sufficient facts exist to support its decision.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL.

Review of a decision of the Workers' Compensation Appeal Board by the Court of Appeals, absent fraud, is limited to determining whether the board applied the correct legal standard.

2. WORKERS' COMPENSATION — FAVORED WORK.

An employer may mitigate the benefits it must pay to a disabled worker under the Worker's Disability Compensation Act by offering him work which he is capable of performing in his disabled state, thereby reducing a disability award by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 630.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 349.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 333, 349.

present and future earning capacity of the worker employed in such "favored work" (MCL 418.371[1]; MSA 17.237[371][1]).

3. WORKERS' COMPENSATION — FAVORED WORK — TERMINATION OF BENEFITS.

Workers' compensation benefits may be terminated where an employer specifically and definitely offers a disabled worker "favored work" which the worker is capable of performing and the worker refuses to accept the offer or refuses to make a good-faith effort to perform the work for other than health reasons; however, the burden of proving the making of the offer and the worker's capacity of performing the work is on the employer.

4. WORKERS' COMPENSATION — FAVORED WORK — SUBSEQUENT INJURIES — TERMINATION OF BENEFITS.

A worker's inability to continue "favored work" because of events subsequent to and independent of an original injury which are not the fault of the employer does not justify a denial, reduction, or suspension of workers' compensation benefits where the injury cannot be attributed to the worker; where the events are unrelated to the worker's capacity to perform, his present earning capacity must be established to determine the amount of benefits to be paid, and where the events are related to such capacity the worker is entitled to restitution of benefits (MCL 418.371[1]; MSA 17.237[371][1]).

*Rappleye, Wilkins & Arcaro,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: R. B. BURNS, P.J., and ALLEN and T. GILLESPIE,* JJ.

PER CURIAM. The plaintiff, Opal C. Hamlin, was injured from exposure to a toxic chemical used in making glue. This chemical, known as Toluene Diisocyanate (TDI), was used in the manufacturing process of Michigan Seat Company's plant where plaintiff was employed. The result was that plaintiff suffered a sensitized condition which caused

---

* Circuit judge, sitting on the Court of Appeals by assignment.

severe reaction from even small exposure. The company offered plaintiff work with Jackson Canvas Company, a wholly owned subsidiary of the defendant, at benefits equal to those which she had been receiving at defendant's plant. TDI was not used at the Jackson Canvas Company plant. The plaintiff refused the proffered employment solely because Jackson Canvas Company was not a union plant. It was shown that plaintiff was capable of performing the proffered work. Since her refusal to accept the proffered work was unrelated to her capacity to perform, she was denied benefits from the date of her refusal. *Kolenko v United States Rubber Products, Inc,* 285 Mich 159, 162; 280 NW 148 (1938), *Frammolino v Richmond Products Co,* 79 Mich App 18; 260 NW2d 908 (1977). She appealed to the Workers' Compensation Appeal Board (WCAB), which denied her benefits because she refused work which she was capable of performing. She has appealed to this Court.

In absence of fraud, this Court's review of the WCAB decision is limited to the issue of whether the board applied the correct legal standard. *Mansfield v Enterprise Brass Works Corp,* 97 Mich App 736, 740; 295 NW2d 851 (1980).

At issue is the "favored work" doctrine. This is a doctrine allowing the defendant-employer to mitigate weekly benefits by offering a disabled employee work which he is capable of performing in a disabled state. The result is that the disability award is reduced by the present and future earning capacity of the employee so employed in the "favored work".

The set-off provision reads as follows:

"The compensation payable, when added to his wage earning capacity after the injury *in the same or another employment,* shall not exceed his average weekly

earnings at the time of such injury." MCL 418.371(1); MSA 17.237(371)(1). (Emphasis added.)

The "favored work" doctrine developed to fill the obvious statutory hole left by this section. See *Sims v R D Brooks, Inc,* 389 Mich 91, 94; 204 NW2d 139 (1973).

In order to invoke the doctrine, the defendant-employer has the burden of proving that a specific and definite offer of employment was made and that the employee was capable of performing the work offered. *Ayoub v Ford Motor Co,* 101 Mich App 740, 745; 300 NW2d 508 (1980), *Kolenko, supra, Sims, supra,* 94. Once having met these criteria, a refusal by an employee to accept favored work for other than health reasons or a refusal to make a good-faith effort to perform the favored work will terminate benefits payable to the employee. *Christiansen v Eaton, Yale & Towne, Inc,* 89 Mich App 440, 444; 280 NW2d 463 (1978), *Brown v Premier Manufacturing Co,* 77 Mich App 573, 577; 259 NW2d 143 (1977).

The Michigan Supreme Court has ruled that subsequent events, independent of the original injury, even though not the fault of the employer, will not justify the denial, reduction, or suspension of disability benefits because they cannot be attributed to the employee. *Powell v Casco Nelmor Corp,* 406 Mich 332, 353; 279 NW2d 769 (1979), *Todd v Hudson Motor Car Co,* 328 Mich 283, 286-287; 43 NW2d 854 (1950), *Lynch v Briggs Manufacturing Co,* 329 Mich 168, 172; 45 NW2d 20 (1950).

Where independent, supervening events, unrelated to the employee's capacity to perform, are involved, a present earning capacity of the employee must be established. MCL 418.371(1); MSA 17.237(371)(1). However, if the intervening event is

one related to the employee's capacity to perform, the employee is entitled to restitution of his benefits. *Powell, supra,* 354.

The general rule is that an injured employee who refuses an offer of employment for "favored work" which the employee is capable of performing is not entitled to workers' compensation benefits. *Bower v Whitehall Leather Co,* 93 Mich App 257; 286 NW2d 877 (1979). A unilateral decision to refrain from employment for reasons other than capability of performance may terminate benefits under the Worker's Disability Compensation Act. *Frammolino, supra,* 27.

Had plaintiff Hamlin accepted the offered employment with Jackson Canvas Company, she then could have determined the difference, if any, between her present earning capacity and her pre-injury earning capacity. This course of action would not have barred a reinstitution of benefits had she been fired or laid off unreasonably. *Pigue v General Motors Corp,* 317 Mich 311; 26 NW2d 900 (1947).

Nor does this result exceed a state's authority to regulate an employee's rights under § 7 of the National Labor Relations Act, 29 USC 157. Although such authority to regulate is very limited under the act, the fair and efficient administration of Michigan's workers' compensation system is of such local concern as to take such action outside of the act, absent a strong and compelling congressional mandate to preempt. See *San Diego Building Trades Council v Garmon,* 359 US 236, 244; 79 S Ct 773; 3 L Ed 2d 775 (1959), *Silkwood v Kerr-McGee Corp,* 637 F2d 743, 746 (CA 10, 1980), *cert den* — US —; 102 S Ct 132; 70 L Ed 2d 9 (1981). No such mandate exists.

For the reasons stated in this opinion, we find

that the Workers' Compensation Appeal Board applied the correct legal standard to the case at bar and that sufficient facts exist to support the result. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861).

Affirmed. Costs to appellees.