POLLARD v BARKER-FOWLER ELECTRIC COMPANY

Docket No. 59293. Submitted June 15, 1982, at Lansing.—Decided November 17, 1982. Leave to appeal applied for.

Edwin E. Pollard, an employee of Barker-Fowler Electric Company, was injured when he slipped and fell on ice in a parking lot adjacent to Barker-Fowler while returning to Barker-Fowler from a nearby coffee shop after arriving for work one morning. It was Pollard's daily routine, approved of by his employer, to arrive at work and then go to the coffee shop to purchase coffee to bring back with him. The Bureau of Workers' Disability Compensation granted workers' compensation benefits to Pollard. Barker-Fowler and its workers' compensation insurance carrier, Citizens Insurance Company of America, appealed to the Workers' Compensation Appeal Board, which affirmed the award to Pollard. Barker-Fowler and Citizens appeal by leave granted, contending that the appeal board erred in finding that Pollard's injuries were sustained on his employer's premises and arose out of and in the course of his employment. *Held:*

1. The Workers' Compensation Appeal Board applied the correct legal standard in determining that Pollard's injury arose out of and in the course of his employment.

2. The fact that the appeal board also determined Pollard to be on his employer's premises was unnecessary to a determination of the case.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT.

Findings of fact by the Workers' Compensation Appeal Board are conclusive in the absence of fraud if supported by any competent, material and substantive evidence.

2. APPEAL — WORKERS' COMPENSATION — APPEAL BOARD.

The Court of Appeals has the right to decide whether the Workers' Compensation Appeal Board has applied the correct legal standard in a given case.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2] 82 Am Jur 2d, Workmen's Compensation § 614.

*Denfield, Timmer & Taylor* (by *James A. Timmer* and *John W. Cotner),* for plaintiff.

*Munroe & Nobach, P.C.* (by *John M. Macdonald),* for defendants.

Before: D. E. Holbrook, Jr., P.J., and T. M. Burns and J. E. McDonald,* JJ.

D. E. Holbrook, Jr., P.J. Defendants appeal a decision of the Workers' Compensation Appeal Board (WCAB) awarding benefits to plaintiff.

Plaintiff was a salaried employee of defendant and had been working for the company since 1968 or 1969. Plaintiff usually worked from about 7 a.m. until about 4:30 p.m. The company's standard working hours were from 8 a.m. to 5 p.m. Plaintiff testified that he arrived at work early because he could perform considerable work before the other employees arrived and the telephone commenced ringing.

On January 7, 1976, plaintiff arrived at work at his usual time, around 7:10 a.m. After parking his car in his employer's lot, plaintiff unlocked the door leading to his office and placed certain blueprint plans inside the doorway. He then locked the door and walked to Jean's Coffee Shop a short distance away. There was no coffee available at this time of the morning at Barker-Fowler so plaintiff always purchased coffee at Jean's and returned with it to his office. On this particular morning, plaintiff slipped and fell on ice while returning from Jean's. When plaintiff fell he was apparently not yet on the Barker-Fowler property.

The sole issue on appeal is whether the WCAB applied the correct legal standard in awarding

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff benefits. Although findings of fact made by the WCAB are conclusive in the absence of fraud if supported by any competent, material and substantive evidence, *Galac v Chrysler Corp*, 63 Mich App 414; 235 NW2d 359 (1975), this Court has the authority to decide whether the WCAB applied the correct legal standard. *Hamlin v Mich Seat Co*, 112 Mich App 84, 86; 314 NW2d 804 (1981).

The correct legal standard to be applied by the appeal board was whether plaintiff's injury arose out of and in the course of his employment. MCL 418.301(1); MSA 17.237(301)(1). The appeal board in its decision stated:

"The sole issue we are faced with is whether plaintiff was in the course of his employment at the time of that unfortunate accident."

\* \* \*

"Plaintiff was an experienced, dedicated and dependable employee who regularly came to work an hour early, placed the prints at the door and went to the adjacent coffee shop to get a cup of coffee to better concentrate on the plans. This was not wilful misconduct but rather an act which would further the employer's interests in terms of better job performance. The accident occurred so close to the defendant's premises *after plaintiff had already arrived at work, that we cannot say that his activities before he began actual work were 'a time apart from his labors'.*" (Emphasis supplied.)

The record reveals that plaintiff routinely went to purchase coffee at Jean's every morning after arriving at work. Plaintiff's employer knew and approved of the routine as plaintiff would walk past his employer's office and within his view every morning on his way to Jean's. Furthermore,

plaintiff's employer would occasionally ask plaintiff to bring back lottery tickets from Jean's.

Our review of the WCAB's decision leads us to conclude that the WCAB applied the correct legal standard. They determined that plaintiff's injury arose out of and in the course of his employment.

The fact that the appeal board also determined plaintiff to be on his employer's "premises" according to *Fischer v Lincoln Tool & Die Co,* 37 Mich App 198; 194 NW2d 476 (1971), was unnecessary to a determination of the case. Had plaintiff been going to or coming from work, a discussion as to what "premises" means as found in MCL 418.301(3); MSA 17.237(301)(3) may have warranted consideration. However, plaintiff was already at work and the only issue herein was whether plaintiff's injury arose out of or in the course of his employment.

Affirmed.

J. E. McDONALD, J., not participating due to death.