PRICE v CITY OF WESTLAND

Docket No. 99046. Argued December 5, 1995 (Calendar No. 4). Decided
    May 7, 1996.

William Price suffered a compensable, work-related back injury while
    serving as a police officer for the City of Westland Police Depart-
    ment. From the date of his injury until March 1985, he sporadically
    worked light-duty jobs, including a sedentary position with access
    to a cot that was specifically created for him in December 1984.
    Because of increasing back pain he stopped working on March 8,
    1985, on the advice of his physician. Subsequently, the defendant's
    physician found no work limitations. Thereafter, the plaintiff
    sought worker's compensation. A magistrate concluded that the
    plaintiff was disabled and not able to return to regular work duties,
    but that he was able to perform the job that had been created for
    him in December 1984. The Worker's Compensation Appeals Board
    affirmed, concluding that the testimony of the police chief on
    April 21, 1986, established a bona fide offer of reasonable employ-
    ment, and modified the suspension of benefits to that date. The
    Court of Appeals, DOCTOROFF, P.J., and MICHAEL J. KELLY and
    CAVANAGH, JJ., denied leave to appeal (Docket No. 136951). The
    Supreme Court remanded the case to the Court of Appeals, 439
    Mich 971 (1992). On remand, the Court of Appeals, BRENNAN, P.J.,
    and REILLY and DANHOF, JJ., affirmed in an unpublished opinion per
    curiam (Docket No. 150640). The plaintiff appeals.

In an opinion by Justice BOYLE, joined by Justices LEVIN,
    CAVANAGH, and MALLETT, the Supreme Court held:

The testimony of the police chief did not create a bona fide offer
    of reasonable employment because the defendant failed to limit the
    offer to specific employment that would accommodate the physical
    limitations the magistrate and the Worker's Compensation Appeals
    Board found to exist.

1. If a disabled worker unreasonably refuses a bona fide offer of
    reasonable employment, the worker is no longer entitled to any
    wage-loss benefits during the period of refusal. A bona fide offer of
    reasonable employment must describe with a fair degree of speci-
    ficity the duties the disabled employee is to perform within the

employee's limitations. The offer must be for a specific restricted job, not an unspecified grouping of jobs.

2. In this case, the defendant was not offering a specific job within the physical limitations described by the plaintiff's physician, limitations the magistrate and the WCAB concluded were appropriate. As a matter of law, the defendant's testimony that the plaintiff's favored-work position was still available does not create a bona fide offer of reasonable employment because the testimony was equivocal with respect to whether he would be allowed to return to that specific job. The offer fails because the defendant did not definitively offer specific employment within the physical limitations found to exist by the magistrate and the WCAB.

Reversed and remanded.

Chief Justice BRICKLEY, joined by Justices RILEY and WEAVER, dissenting, stated that because the evidence demonstrated that the defendant made a bona fide offer of reasonable employment to the plaintiff and the plaintiff refused that offer by failing to attempt to perform the work, the decision of the Court of Appeals to suspend the plaintiff's benefits should be affirmed.

This case does not involve an employer who refused to provide a job description or an employee assigned to rotate between several dozen jobs. The plaintiff had already worked at the job offered to him, and cannot claim he did not understand its scope. Nor had he been requested to rotate among unspecified jobs. The case law does not state that the mere possibility of additional duties destroys an otherwise sufficient offer of reasonable employment. The defendant's offer was sufficiently specific regarding any other potential job requirement. The plaintiff was familiar with all the responsibilities he might be called on to perform. While there was a slight possibility the plaintiff would be offered other work he had not performed previously, the situation was not comparable with one in which an employee was offered work consisting of unspecified duties. The WCAB specifically excluded the possibility that the plaintiff could be asked to perform a different job, and reflected this finding in holding that benefits would be reinstated if the plaintiff were assigned to additional duties. The decision is supported by the record.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Kluczynski, Girtz, Zamler & McCubbrey, P.C.* (by *Ronald A. Weglarz*), for the defendant.

BOYLE, J. This worker's compensation case involves the narrow question whether testimony by defendant before the magistrate establishes a "bona fide offer of reasonable employment . . . ." MCL 418.301(5)(a); MSA 17.237(301)(5)(a). We conclude that the testimony does not create a bona fide offer of reasonable employment because defendant failed to limit the offer to specific employment that would accommodate the physical limitations the magistrate and the Worker's Compensation Appeals Board found to exist.

I

There is no dispute that plaintiff, while serving as a police officer for defendant, suffered a compensable, work-related, back injury during the arrest of an intoxicated individual in June, 1983. From the date of injury until March, 1985, plaintiff sporadically worked light-duty jobs, including a sedentary position with access to a cot that was specifically created for him by the chief of police in December, 1984.

Plaintiff's back pain became increasingly severe, and, on the advice of his physician, Dr. Steven Newman, he stopped working on March 8, 1985. Plaintiff was subsequently examined by defendant's physician, Dr. John Barber, on March 14, 1985. Dr. Barber found no work limitations.

On the basis of Dr. Barber's report, the chief of police mailed plaintiff a letter, dated April 3, 1985, indicating that he was to "return to work with no limitations" and that if he failed to report, his "time [would] no longer be charged to duty injury." Rather than returning to work, plaintiff filed a petition for worker's compensation benefits.

The matter was heard before a magistrate on February 27, 1986, and April 21, 1986. Medical testimony was presented from the depositions of three physicians,[1] and the record was closed on May 26, 1986.

Defendant argued before the magistrate that the April 3, 1985, letter was a bona fide offer of reasonable employment and that benefits should be terminated as of that date because plaintiff had unreasonably refused to accept that offer.[2] On April 21, 1986, Inspector Dansby and Police Chief Rechlin testified that they never intended that plaintiff return to a regular job without restriction. Chief Rechlin stated that, subject to the city doctor's recommendation, the job specially created for plaintiff in December, 1984, remained available.

The magistrate concluded that plaintiff was disabled as a result of a back injury "arising out of and in the course of employment with this defendant due to the injury of June 7, 1983. He is unable to return to regular work duties as a police officer." The magistrate further concluded that there was

> no offer of favored work on April 3, 1985 and a reasonable refusal of the plaintiff to return to regular duties at the time. . . . If the city offers a job of favored work, they should make it clear that such a job is offered, and not include such an offer in a letter following a paragraph indicating the plaintiff is released by their doctor for unrestricted duties.

---

[1] Plaintiff offered the deposition of Dr. Newman, and defendant submitted the depositions of Dr. Barber and Dr. Lele.

[2] See n 7.

The magistrate also concluded, however, that plaintiff was able to perform the job that had been created for him in December, 1984, which "defense council [sic] had indicated on the record on February 27, 1986 . . . was available." Because the job was still available,

> plaintiff should have contacted the defendant to see about this work. Worker's Compensation benefits will be suspend form [sic] that date based on the indication that the favored work was available.

Benefits were awarded from April 2, 1984, to February 27, 1986. Both parties appealed the magistrate's decision to the WCAB.

In December, 1990, the WCAB affirmed the magistrate's decision, but modified the decision by terminating benefits on April 21, 1986. 1990 WCABO 1515, 1516. Rather than relying on defense counsel's statement on February 27, 1986, that a favored-work position remained available, the WCAB concluded that Chief Rechlin's testimony on April 21, 1986, established a bona fide offer of reasonable employment. The WCAB noted:

> Chief Rechlin indicated that as of April 21, 1986, the special services job as it previously existed, including cot-resting privileges, remained available to plaintiff. While Dr. Newman's 1986 testimony indicated that this job still could not be performed if cot-resting were limited to 10 minutes daily, as per his history of the early 1985 experience, we find that defendant then made a bona fide offer of reasonable work. Plaintiff should have then reported to defendant to make a reasonable attempt to perform those duties, as they were then offered by defendant, in the light of the opinions from Drs. Lele and Barber. His failure to do so

entitles defendant to suspend benefits from that date until he makes a good faith attempt to perform those duties within the limitations established by Dr. Newman. [1990 WCABO 1524-1525.]

Plaintiff's application for leave to appeal was denied by the Court of Appeals. Plaintiff appealed to this Court and we remanded the case to the Court of Appeals for consideration as on leave granted.[3]

The Court of Appeals affirmed on remand in an unpublished opinion per curiam, issued December 21, 1993 (Docket No. 150640), and denied rehearing on February 16, 1994. Plaintiff again sought leave to appeal in this Court, and we denied plaintiff's application on October 25, 1994.[4] Plaintiff filed a motion for reconsideration, and we granted leave to appeal on June 23, 1995.[5]

II

The factual determinations of a court are inherently limited attempts to re-create reality in order to answer real-world questions—here, the relatively straightforward matter regarding whether there was a specific job within plaintiff's physical limitations to which he could have returned. At the outset, we note that in this case that attempt has been complicated and frustrated by intransigence and an abysmal lack of communication between plaintiff and defendant. Both parties are to blame: defendant could have more precisely defined the job it was inviting plaintiff to return to, and plaintiff could just as easily have returned to work to learn the nature of the employ-

[3] 439 Mich 971 (1992).
[4] 447 Mich 995.
[5] 449 Mich 859.

ment described and the limitations the city doctor felt were appropriate. Neither option was chosen.[6] The result has been a tortuous nine-year journey through the judicial system. The predictable consequence is an effect on the losing party out of all proportion to the original dispute.

In 1981, the Legislature codified the judicially created "favored work" doctrine in the "reasonable employment" provisions of the Worker's Disability Compensation Act, with numerous changes not relevant to this case. *Pulver v Dundee Cement Co*, 445 Mich 68; 515 NW2d 728 (1994); MCL 418.301; MSA 17.237(301). Like favored work, if a disabled worker unreasonably refuses a "bona fide offer of reasonable employment,"[7] the worker "is no longer entitled to any wage loss benefits . . . during the period of such refusal."[8]

---

[6] The unfortunate lack of clarity in the record appears to have been caused by an extraordinary amount of contentiousness between the lawyers. From this vantage point, there is enough blame to go around and that makes this a difficult case to decide, but decide we must. The dissent highlights the strength of defendant's position, but defendant's refusal to guarantee that additional duties would not be placed on plaintiff destroys the specificity necessary to create a valid offer. Any ambiguity must be construed in favor of plaintiff because defendant has the burden of proving that it made a bona fide offer of reasonable employment. See *Kolenko v United States Rubber Products, Inc*, 285 Mich 159, 162; 280 NW 148 (1938). Defendant has not carried that burden in this case.

[7] Reasonable employment is defined as follows:

"Reasonable employment," as used in this section, means work that is within the employee's capacity to perform that poses no clear and proximate threat to that employee's health and safety, and that is within a reasonable distance from the employee's residence. The employee's capacity to perform shall not be limited to jobs in work suitable to his or her qualifications and training. [MCL 418.301(9); MSA 17.237(301)(9).]

[8] MCL 418.301(5); MSA 17.237(301)(5) in its entirety provides:

The pertinent issue in this case—an issue equally relevant under both the favored-work doctrine and the reasonable employment provisions—is whether defendant made a "bona fide *offer* of reasonable employment."[9] (Emphasis added.) The WCAB concluded that testimony of Chief Rechlin established a "bona fide offer of reasonable work," 1990 WCABO 1525, and the Court of Appeals affirmed this conclusion stating:

> [T]he testimony of two police officials and plaintiff's supervisor on February 27, 1986, and April 21, 1986, that a job in the records department was still available to plaintiff, subject to the city physician's approval, was competent evidence in the record to support the WCAB's conclusion that the city made an offer of favored work on April 21, 1986. [Slip op at 1.]

Whether defendant made a bona fide offer of favored work is generally a factual issue. Findings of fact by the WCAB are conclusive if supported by any competent evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Kostamo v Marquette Iron Mining Co*, 405 Mich 105, 147; 274 NW2d 411 (1979). However, "[e]rror may be committed by bas-

---

If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:

(a) If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer, or through the Michigan employment security commission and the employee refuses that employment without good and reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the work force and is no longer entitled to any wage loss benefits under this act during the period of such refusal.

[9] Plaintiff does not contend that any discrepancies between favored work or "reasonable employment" affect the outcome of this case.

ing a finding of fact on a misconception of law and by failing to correctly apply the law to the finding of fact." *Braxton v Chevrolet Grey Iron Foundry*, 396 Mich 685, 692-693; 242 NW2d 420 (1976); *Pulver v Dundee Cement Co, supra* at 87 (RILEY, J., dissenting).

A bona fide offer of reasonable employment must describe with a fair degree of specificity the duties the disabled employee is to perform. *Kolenko v United States Rubber Products, Inc*, 285 Mich 159; 280 NW 148 (1938). Specific employment with established responsibilities within the employee's limitations must be presented for the employee to accept. A general invitation for a disabled employee to come in, and something will be found is an insufficient offer. *Maddox v General Motors Corp*, 1986 WCABO 578. The offer must be for a "specific restricted job," not an "unspecified grouping" of jobs, which may or may not accommodate the employee's limitations. *Id.* at 581.

Nearly sixty years ago, this Court addressed a case involving facts analogous to this case. In *Kolenko, supra*, the plaintiff sustained a work-related injury, and the defendant voluntarily paid benefits. Eventually the defendant filed a petition to terminate benefits, contending that the plaintiff failed to cooperate by refusing to accept employment tendered by the defendant. The plaintiff testified that she refused to return to work because the defendant would not explain what her employment responsibilities would be. On appeal, this Court affirmed the Department of Labor and Industry's conclusion that the plaintiff's refusal to accept unspecified employment did not illustrate such a lack of cooperation that benefits should be forfeited.

Plaintiff was under no obligation to comply with the unreasonable and arbitrary demand of defendant that she accept whatever work the company thought suitable for her. [*Id.* at 162.]

When an employer seeks to fulfill its worker's compensation requirements by offering a disabled employee reasonable employment, it must inform the worker of the "kind of work [the employee] would be expected to do" and "the nature of the job." *Id.* at 161. In short, the employee has a right to know "what the job consist[s] of." *Id.* at 162.

In this case, both Inspector Dansby and Chief Rechlin testified that, in accordance with city policy, before any police officer could return to work of any nature after a medical leave, the officer had to undergo a medical examination by the city doctor. This requirement applied to all officers who were returning after medical leave, regardless of whether a work-related injury was involved.

Testimony of both Inspector Dansby and Chief Rechlin, however, went beyond merely requiring the city doctor, Dr. Barber, to agree that plaintiff could do the reasonable employment described at trial within the limitations indicated by plaintiff's physician, Dr. Newman. Plaintiff was not offered a specific job within the limitations described by Dr. Newman, subject to approval by the city physician, but, rather, any work limitations would depend solely on the city doctor's recommendations. The exact nature of plaintiff's duties would not be established until after the city doctor examined him.

After reviewing the testimony before the magistrate, the WCAB noted the lack of specificity in the duties plaintiff would be asked to undertake:

> [T]he type of duties to which plaintiff would be assigned ultimately depended on the outcome of any new examination by Dr. Barber, if and when plaintiff reported for work. [1990 WCABO 1522-1523.]

If the city doctor found no work limitation, plaintiff faced the possibility of returning to normal duty.[10] In light of this possibility, we conclude that defendant

---

[10] The cross-examination of Inspector Dansby by Mr. Kadushin went as follows:

*Q. [Mr. Kadushin]:* I think you stated just before that the job is being offered today, in other words once this case is over, if he goes back to Westland Police Station, there will be a job there with a bed and he could lay down whenever he feels it's necessary? That job is open and being offered to him today by the City of Westland? You have the authority to make that offer?

*A. [Inspector Dansby]:* That would depend on medical reports. We would send him to a city doctor.

*Q.* Well, you're saying if the city doctor says he could do that job, that job is available to him?

*A.* If the doctor decides that he could return to normal duties, he would go back on the road.

*Q.* It's the city doctor that decides that he could return to normal duties? That job is not available to him?

*A.* We never had that until Officer Price came along.

*Q.* I want to know what kind of job offer that is? Is it qualified based on some medical report?

*A.* It would be qualified based on some medical report.

Chief Rechlin reinforced Inspector Dansby's testimony that the job description would depend on the city doctor's findings.

*Q. [Mr. Kadushin]:* If the city doctor said that he could return to work without much difficulty, he could go back out on the road again and not on a cot?

*A. [Chief Rechlin]:* Yes.

\*     \*     \*

was not offering a specific job within the physical limitations described by Dr. Newman, limitations the magistrate and the WCAB concluded were appropriate.[11] Thus, while we accept the WCAB's factual determinations, we conclude as a matter of law that defendant's testimony does not fulfill the legal requirements of a bona fide offer.

Testimony that plaintiff's previous favored-work position was still "available" does not create a bona fide offer of reasonable employment in this case because the testimony was equivocal with respect to whether plaintiff would be allowed to return to that specific job. Although the duties associated with this job were described with sufficient specificity, defendant refused to concede that plaintiff would not be required to undertake more strenuous responsibilities, but repetitively reinforced that all limitations might be removed by the city doctor.[12] The fact that

---

*Q.* But, if he [the city doctor] said that he could perform that or anything, you would put him back on the road?

*A.* That's a possibility, although that never entered into my mind, putting him back on the road.

\*     \*     \*

*Q.* Is it true, though, that the availability of any given particular job as far as limitations and restrictions are concerned, as to one extent to another, depends on what the city doctor says a person can or cannot do?

*A.* Yes.

[11] The employer has the authority to require the employee to visit a doctor. MCL 418.385; MSA 17.237(385). On the basis of the doctor's conclusion, the employer may then offer a specific job tailored to fit the limitations, or lack thereof, imposed by the examining doctor.

[12] We agree with the dissent that a specific job was described and defendant noted that that job was available depending on what the city physician concluded. The job described delineated the minimum duties plaintiff would be required to do. The trial testimony clearly indicates, however, that the city doctor could impose less demanding restrictions

plaintiff knew the responsibilities associated with the favored-work position does not mean that that job was being offered for plaintiff's acceptance. See *Dixon v General Motors Corp*, 1989 WCACO 226, 233.

We do not decide that the offer is defective because the employer conditioned actual employment upon the approval of a physician. This case is different from one in which an employer invites an employee to return to specific employment within the employee's limitations, contingent upon approval by the employer's or the employee's doctor. In this case, the offer fails because defendant did not definitively offer specific employment within the physical limitations found to exist by the magistrate and WCAB. Defendant essentially offered plaintiff employment with duties ranging from unlimited cot-resting privileges to full patrol responsibilities.

In an effort to limit defendant's offer to a job within the limitations described by Dr. Newman, the WCAB engrafted a qualification on the city doctor's recommendation that is not supported by defendant's testimony. The WCAB restricted defendant's job offer by reinstating benefits if defendant assigned plaintiff a more demanding job than that described by Dr. Newman.

> If any other duties than those within Dr. Newman's restrictions are prescribed for plaintiff after he is reexamined by Dr. Barber in compliance with defendant's

---

thus leading to more demanding duties. We do not dispute that employment with the police department may have been "available." We do dispute whether there was a sufficiently specific bona fide offer of reasonable employment.

announced policy in such situations, benefits are to be rein-
stated. [1990 WCABO 1525.]

This qualification was created solely by the WCAB and
is not supported by the record.[13]

Absent this limitation, however, we are left with a
situation in which defendant invites plaintiff to return
to work, announces that a job within plaintiff's limita-
tions is available, but then concedes that, depending
on what defendant's physician recommends, plaintiff's
ultimate employment duties may be far more demand-
ing than those previously described. We conclude that
such an invitation does not rise to the level of speci-
ficity necessary to create a bona fide offer of reasona-
ble employment and benefits may not be terminated
because plaintiff failed to respond to such an offer.

We reverse the decision of the Court of Appeals
and remand this case to the Worker's Compensation
Appellate Commission for further proceedings consis-
tent with this opinion.

LEVIN, CAVANAGH, and MALLETT, JJ., concurred with
BOYLE, J.

BRICKLEY, C.J. (*dissenting*). Because I believe that
the defendant made a bona fide offer of reasonable
employment to the plaintiff, I respectfully dissent.
Although the majority feels that the job duties were
described with sufficient specificity, it finds the offer
defective because it concludes that the plaintiff might
have been asked to perform more strenuous work.

---

[13] We take no position on whether the result would change if this quali-
fication was supported by the record and examination by defendant's phy-
sician was truly a formality that could not remove the limitations imposed
by Dr. Newman.

Because the only job that was offered to the plaintiff was both sufficiently described and within his physical limitations, I would uphold the Court of Appeals decision to suspend benefits.

The magistrate concluded that the medical evidence showed that the plaintiff was able to perform the specially created job and that the testimony of the police supervisors demonstrated that they did not intend to return the plaintiff to a regular-duty job. The WCAB found that the record did indicate that the plaintiff was offered "favored work," the equivalent of reasonable employment. Because the plaintiff failed to make a good-faith effort to perform his duties, his benefits were suspended on the date the supervisors' testimony clarified that the offer was for the restricted position, not for a regular-duty position. The WCAB also noted that "[i]f any other duties than those within Dr. Newman's restrictions are prescribed for plaintiff after he is reexamined by Dr. Barber in compliance with defendant's announced policy in such situations, benefits are to be reinstated." 1990 WCABO 1515, 1525.

The Court of Appeals relied on the testimony that the specially created job was still available to the plaintiff as support for its conclusion that there "was competent evidence in the record to support the WCAB's conclusion that the city made an offer of favored work . . . ." Unpublished opinion per curiam, issued December 21, 1993 (Docket No. 150640). On appeal this Court is asked to determine if there is competent, material, and substantial evidence supporting the administrative findings. In so doing, the Court examines the whole record. MCL 418.861a(3); MSA 17.237(861a)(3).

I

The majority concludes that "the duties associated with this job were described with sufficient specificity . . . ." *Ante* at 340. Nevertheless, it holds that the "defendant did not definitively offer specific employment within the physical limitations found to exist by the magistrate and WCAB." *Id.* at 341. In order to reach this conclusion, the majority looks beyond the actual job that was offered. Because the Court's decision should be based on the facts established below, it should rely on the offer that the magistrate found, rather than engage in speculation about what other jobs might have existed.

The Court must determine what constitutes an offer of reasonable employment. The plaintiff cites two cases for the proposition that the offer must sufficiently describe a specific job. In *Kolenko v United States Rubber Products, Inc,* 285 Mich 159; 280 NW 148 (1938), the defendant employer requested that the employee report to its factory, where she would be given a job. The employee went to the defendant's employment office and asked to be advised of what kind of work she would be expected to do. The defendant refused to tell her and would not permit her attorneys to enter the factory to ascertain what the work would be. The Court found that this did not constitute a bona fide offer:

> The burden was on the defendant to show that it offered plaintiff work which she could perform. . . . Plaintiff was under no obligation to comply with the unreasonable and arbitrary demand of defendant that she accept whatever work the company thought suitable for her. [285 Mich 162.]

In *Maddox v General Motors Corp*, 1986 WCABO 578, the WCAB found that the employee had not unreasonably refused to perform favored work. The plaintiff worked in a foundry and was assigned to work as an "extra man" in the light assembly department, where he could potentially participate in approximately seventy jobs as he was needed. On any given day, the employee could be asked to perform any one of the jobs. The decision that this did not constitute a bona fide offer was premised on two conclusions: the plaintiff consistently attempted to perform his duties, but was unable to continue because of his injury, and, as cited by the majority, "there [was] no specific restricted job to which plaintiff would return, but only a[n] unspecified grouping of them." *Id.* at 581.

In neither of the cases cited by the majority did the employee know the duties attendant to the job. In one case, the employer refused to tell the employee anything at all about the job, and in the other the employee was assigned to rotate as needed among a large number of jobs. Although I recognize that these were situations in which an employer had failed to make a bona fide offer, I would distinguish these cases from the instant dispute. Unlike *Kolenko* and *Maddox*, this case does not involve an employer who refused to provide a job description or an employee assigned to rotate between several dozen jobs. The plaintiff had already worked at the job offered to him, so he cannot claim he did not understand its scope. Nor had he been requested to rotate among unspecified jobs. However, the majority still concludes that the offer was not sufficient because of the possibility that the plaintiff would be assigned additional responsibilities.

The majority states that its holding is not based on the medical-examination requirement, and it apparently would have no difficulty with a situation in which the contents of a job offer changed after and on the basis of the results of the examination. I am unable to distinguish between that situation and the possibility, contemplated by the majority in the instant case, that the plaintiff would be asked to perform different work with unknown requirements.

The majority concludes that "plaintiff's ultimate employment duties may be far more demanding than those previously described." *Ante* at 342. This conclusion can only be based on speculation that, if the defendant's doctor had found that the plaintiff could work without restrictions, the plaintiff might have been assigned to a regular-duty job, and therefore had not received an offer of a specific job with sufficiently detailed duties. I dissent because I disagree with that inference.

First, I do not believe that the case law states that the mere possibility of additional duties destroys an otherwise sufficient offer of reasonable employment. As stated above, the instant case is distinguishable on its facts from the cases cited by the majority where offers were insufficiently specific. Here, the offer was specific. In fact, the plaintiff was familiar with all the responsibilities that he might be called on to perform, since he had previously worked both a regular-duty job and a regular desk job. Moreover, the employment was with the police department and not at a factory where he could be called upon to perform a large number of jobs. I admit that there was a slight possibility that the plaintiff would be offered other work that he had not previously performed. However,

this scenario is not comparable to situations in which an employee was offered work consisting of unspecified duties. Rather, here the defendant's offer was sufficiently specific regarding any other potential job requirement.

Second, the WCAB specifically excluded the possibility that the plaintiff could be asked to perform a different job regardless of the results of the medical examination. As the majority notes, the police supervisors testified before the magistrate that they never intended the plaintiff return to a regular, unrestricted job. *Id.* at 332. Even on cross-examination, although admitting that the city doctor might conclude that the plaintiff could work without restrictions, the police chief testified that "that never entered into my mind, putting him back on the road." The WCAB reflected this finding in holding that benefits would be reinstated if the plaintiff were assigned to additional duties. The majority notes this qualification, but concludes that it is not supported by the record. *Id.* at 341-342.

The WCAB's qualification is supported by the record. The magistrate concluded, on the basis of the medical evidence, that the plaintiff could perform the specially created job. She also concluded that the job was described in detail sufficient to constitute a bona fide offer of reasonable employment. The WCAB followed those findings in imposing the qualification that the plaintiff could not be required to do other work. Additional responsibilities would not necessarily fall within the medical limitations that the magistrate found to exist. Also, the finding that an offer had been made referred only to the special job, not to other duties. Thus, the WCAB's decision to reinstate the plaintiff's benefits if he were required to perform

other duties is supported by the record as a whole, and in fact is necessary to accurately reflect the facts as established by the record. Without the qualification, the plaintiff might be required to perform work outside the boundaries established by the magistrate, which would constitute a failure to follow the magistrate's medical fact finding. The qualification should be upheld.

II

Because I conclude that there was a bona fide offer of reasonable employment, I reach the question whether the plaintiff was reasonable in his refusal to accept the offer. In *Pulver v Dundee Cement Co*, 445 Mich 68; 515 NW2d 728 (1994), this Court articulated several factors to be considered when relevant in determining the reasonableness of a refusal of an offer of reasonable employment. These include the timing of the offer, the employee's reasons for moving away from the place of employment, the diligence of the employee in trying to return to work, and whether the employee has returned to work with some other employer. Of relevance in this case is the plaintiff's lack of diligence in attempting to perform the work offered. As of April 21, 1986, the testimony established that the specially created job was available to the plaintiff. For ten years, he has failed to attempt to perform the job. I conclude that his refusal was unreasonable and that it was therefore proper to suspend his benefits.

This result is supported by the cases cited by the majority. Both *Kolenko* and *Maddox* involved employees who demonstrated diligence in attempting to return to work. The *Kolenko* Court found that

[p]laintiff in her attitude and conduct with regard to the proposed job clearly appears to have been actuated by good faith. . . . The only lack of cooperation that appears from the record in this case is on the part of defendant. [285 Mich 162.]

Similarly, in *Maddox,* the plaintiff employee attempted to perform the work offered, but was unable to continue. The holdings in these cases were based at least partly on the employees' demonstrated good faith and diligence in attempting to work.

The Court of Appeals also requires an employee to at least attempt to perform reasonable employment once the employer has met its burden of offering that employment. In *Christiansen v Eaton, Yale & Towne, Inc,* 89 Mich App 440, 444; 280 NW2d 463 (1978), the Court held:

> The board's statement that plaintiff had the "burden of attempting to perform same" is not inconsistent with the case law. Plaintiff refused to even examine the jobs offered. In light of this total refusal it cannot be said that plaintiff acted in good faith, as was found to be the fact in *Kolenko* . . . .

The same conclusion was reached in *Parmeter v Grand Rapids Public Schools,* 168 Mich App 97, 102; 424 NW2d 6 (1987). The Court stated, "[i]t is true that, where the defendant meets his burden of making a good-faith job offer of sufficiently favored work, the plaintiff must attempt to perform it . . . ." The employee's obligation to attempt work attaches only after the employer has met its burden of offering reasonable employment. Under this test, the plaintiff's failure to report to work supports the decision to suspend his benefits.

III

I conclude that the WCAB and Court of Appeals were correct in concluding that the evidence demonstrated that the defendant made a bona fide offer of reasonable employment to the plaintiff and that the plaintiff refused that offer by failing to attempt to perform the work. Accordingly, I would affirm the Court of Appeals decision to suspend the plaintiff's benefits.

Riley and Weaver, JJ., concurred with Brickley, C.J.